UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ELLIS ADAMS,

    Plaintiff,

v.                                                                              Case No. 07-15494
                                                                              Hon. Sean F. Cox

WILMINGTON FINANCE, AIG FEDERAL
SAVINGS BANK, U.S. BANK, and
AMERIMORTGAGE,

    Defendants.

_____

## **OPINION AND ORDER**

       This matter is before the Court on Defendant Wilmington Finance / AIG Federal Savings Bank and Defendant U.S. Bank's Motions to dismiss. Plaintiff has filed a Response. A hearing was held July 24, 2008. For the following reasons, the Court **GRANTS** Defendant Wilmington Finance / AIG Federal Savings Bank, and Defendant U.S. Bank's Motions to dismiss. The only remaining Defendant in this action is Amerimortgage.

### I.    BACKGROUND

       This action arises out of alleged fraud and discrimination in a mortgage loan. Plaintiff, Grace Ellis Adams, alleges that she was defrauded, discriminated and retaliated against when she obtained a mortgage loan.

       According to her Complaint, between March 2005 and December 2005, Plaintiff received regular telephone solicitation by brokers asking her to refinance. Plaintiff claims that on December 1, 2005, she spoke with a broker from Amerimortgage who promised her a low

1

interest rate if she refinanced, and stated there would be no closing costs. Plaintiff informed the broker that she was unemployed and had a poor credit history. Plaintiff asserts she was required to pay for an appraisal and allowed her credit report to be pulled. Apparently, the Amerimortgage broker worked to help Plaintiff clean up her credit report.

The broker began discussing an adjustable rate mortgage, referred to as an "ARM," with Plaintiff. Plaintiff was assured that she could refinance again to a fixed rate mortgage if the ARM did not turn out to be beneficial.

It appears in the Complaint that Plaintiff refinanced with Wilmington Finance on January 6, 2006. Plaintiff claims she was approved on the basis of her appraisal and not on her ability to pay the loan. According to Plaintiff, she received a letter from U.S. Bank on February 10, 2006, indicating that it would now be servicing her loan. The letter also stated that her loan had been changed from an ARM at 8.55% to a fixed rate 30 year mortgage at 8.55%. This seems to have been in Plaintiff's interest because her Complaint states that the ARM was set to rise to 10.32% in two years.

Plaintiff argues she was trapped in a mortgage she could not afford. She says she was rushed through the closing on the loan. Plaintiff further claims she was charged excessive fees and did not receive disclosures. In addition, Plaintiff asserts the proper government reporting was not done. Plaintiff claims she requested a copy of Defendants' underwriting standards. She claims U.S. Bank retaliated against her by foreclosing. After receiving the foreclosure notice, Plaintiff spoke with a representative at U.S. Bank and it apparently agreed to stop foreclosure proceedings and allow her to defer her mortgage payments for two months. However, Plaintiff refused to sign the agreement U.S. Bank forwarded her in order to defer her mortgage.

On December 27, 2007, Plaintiff filed a Complaint.  She alleges that Amerimortgage and Wilmington Finance violated the Truth in Lending Act when they coerced her into a loan she could not afford.  Plaintiff asserts Defendant Wilmington Finance is a division of Defendant AIG Federal Saving Bank.  Plaintiff claims Amerimortgage misrepresented the fees and interest rate Plaintiff would have to pay.  Plaintiff also alleges Amerimortgage failed to tell Plaintiff her taxes were not rolled into her payment.  Plaintiff alleges Defendant U.S. Bank practiced "unsound lending and violated laws or regulations" when it changed her loan from an ARM to a fixed rate without her consent.  Plaintiff further alleges Wilmington Finance and U.S. Bank practiced unsound lending when it retaliated against her by beginning foreclosure proceedings.  Plaintiff claims the foreclosure proceedings were begun because she sought assistance from a government agency.

On January 29, 2008, Defendant AIG Federal Savings Bank filed a Motion to Dismiss.  Defendant AIG asserts that Defendant Wilmington Finance is improperly named.  AIG was formerly known as Wilmington Finance, a division of AIG, now apparently they are one in the same.  AIG argues in its motion that Plaintiff does not sufficiently allege her claims against AIG.  Plaintiff filed a Response on February 12, 2008.  Plaintiff alleges Defendants violated provisions of TILA that require creditors to verify the consumer's repayment ability.  Plaintiff also claims Defendants violated the Fair Credit Billing Act; Fair Debt Collection Practices Act; alleges predatory lending; Fair Housing Act; etc.

On March 14, 2008, Defendant U.S. Bank filed a Motion to Dismiss.  U.S. Bank concurs in the arguments made by Defendant AIG in its Motion to Dismiss.  Plaintiff filed a Response on May 2, 2008.  At the hearing, Plaintiff also indicated she intends to file an amended complaint,

the Court informed Plaintiff she would have to file a motion for leave to file an amended complaint.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

The court must liberally construe a pro se complaint, and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

## III. ANALYSIS

### A. U.S. Bank

Plaintiff's only accusation against Defendant U.S. Bank in her Complaint is that it instituted foreclosure proceedings in retaliation for her requesting a copy of "Defendants" underwriting standards. It is not clear if Plaintiff's request included U.S. Bank's underwriting standards. U.S. Bank concurs with AIG's Motion to Dismiss, where AIG argues Plaintiff does

4

not meet the pleading requirements. AIG claims that Plaintiff's retaliation claim fails because she does not articulate the legal basis for her claim; does not identify the elements of her claim; and does not relate any of the factual allegations in her Complaint to the elements of her claim.

Plaintiff fails to state a claim against Defendant U.S. Bank. Pursuant to Fed.R.Civ.P. 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, a plaintiff has an obligation to provide grounds for entitlement to relief which requires more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-1965. Moreover, claims of fraud must be pled with particularity. Fed.R.Civ.P. 9(b). Plaintiff's Complaint states that Defendants AIG and U.S. Bank "conspired together and fraudulently published in the newspaper that Plaintiff's home was being foreclosed on by the Defendants for no reason except she complained against the Defendants to several federal regulatory agencies." [Complaint, ¶30]. Plaintiff does not adequately allege her fraud claim.

Defendant U.S. Bank's Motion to Dismiss is granted for failure to state a claim upon which relief can be granted.

      **B.**    **Wilmington Finance / AIG Federal Savings Bank**

AIG argues that Plaintiff's Complaint fails to state a claim. AIG contends that Plaintiff's discrimination claim fails because it does not provide it with fair notice of the claim and the grounds on which it rests; the fraud claim does not involve misrepresentations by AIG and is not pled with particularity; and the retaliation claim does not articulate a legal basis for the claim. Plaintiff filed a response that appears to allege new claims and may be intended as an amended complaint. At the hearing, Plaintiff indicated she wanted to file an amended complaint. The Court directed her to file a motion for leave, i.e. permission, to file an amended complaint

pursuant to Fed.R.Civ.P. 15(a).

AIG is entitled to dismissal of the claims against it because Plaintiff fails to allege a legal basis and accompanying pertinent facts to state a claim against Wilmington Finance / AIG. See *Twombly*, *supra*.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wilmington Finance / AIG Federal Savings Bank, and Defendant U.S. Bank's Motions to dismiss are **GRANTED**. The only remaining Defendant in this action is Amerimortgage.

**IT IS SO ORDERED.**

                                                **S/ Sean F. Cox**
                                                **United States District Judge**

**Date: August 1, 2008**

**I hereby certify that on August 1, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:**

Grace Ellis Adams
829 Langdon Court
Rochester Hills, MI 48307

                                                S/ Jennifer Hernandez
                                                Case Manager