UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ELLIS ADAMS,   Case No. 07-15494

    Plaintiff,   HON. SEAN F. COX
v.   United States District Judge

VANDYK MORTGAGE CORP. d/b/a
AMERIMORTGAGE FINANCIAL
GROUP,

    Defendant.
_____/

OPINION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 36]

Plaintiff Grace Ellis Adams ("Adams" or "the Plaintiff"), appearing *pro se*, filed this cause of action on December 27, 2007. A Motion to Dismiss [Doc. No. 36] was filed by Defendant VanDyk Mortgage Corp., d/b/a Amerimortgage Financial Group ("Amerimortgage") on September 18, 2009, and is currently pending before this Court. When Adams did not file a timely response to Amerimortgage's motion, the Court issued a show cause order requiring a response no later than December 3, 2009. [*See* Doc. No. 39]. To date, Adams has not filed a response to the Court's show cause order, nor has Adams filed a response to Amerimortgage's motion. As such, the Court cancels oral argument on this motion pursuant to Local Rule 7.1(e)(2), and for the reasons that follow, **GRANTS** Defendant Amerimortgage's motion to dismiss [Doc. No. 36].

BACKGROUND

On December 27, 2007, Plaintiff Adams, appearing *pro se*, filed her complaint in this case, alleging that she was defrauded, discriminated against, and retaliated against after

obtaining a mortgage loan with defendants AIG Fed Savings Bank, f/k/a Wilmington Finance ("AIG"), U.S. Bank, N.A. ("US Bank"), and Amerimortgage.[1]  On August 1, 2008, this Court granted motions to dismiss by defendants AIG and US Bank [*See* Aug. 1, 2008 Opinion & Order, Doc. No. 20], leaving only defendant Amerimortgage as a defendant in this case.

Considerable time and effort was expended in the attempt to serve Amerimortgage with process in this action [*See* Doc. Nos. 21-26, 28-32].  On June 12, 2009, VanDyk Mortgage Corporation, d/b/a Amerimortgage Financial Group, was finally served with process in this matter [*See* Doc. No. 33], and on September 18, 2009, Amerimortgage filed their instant motion to dismiss [Doc. No. 36].

When Adams did not file a timely response to Amerimortgage's motion, the Court issued a show cause order requiring a response no later than December 3, 2009. [*See* Doc. No. 39].  To date, Adams has not filed a response to the Court's show cause order, nor has Adams filed a response to Amerimortgage's motion.

STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief may be granted.  The court must construe the complaint in the light most favorable to the plaintiff, and accept all of [his or her] factual allegations as true.  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."  *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).  The Plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than

---

[1] Adams also filed an amended complaint [Doc. No. 19] on July 24, 2008, but the Court ordered that amended complaint stricken on January 13, 2009 due to noncompliance with FED. R. CIV. P. 15(a). [*See* Doc. No. 27].

"labels and conclusions." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 556.

The Court must liberally construe a *pro se* complaint, and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See, e.g., Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

ANALYSIS

In its instant motion [Doc. No. 36], Amerimortgage advances several arguments why this case should be dismissed: 1) for insufficient service of process; 2) for violation of the statute of limitations on plaintiff's Truth in Lending Act ("TILA") claim; and 3) for lack of subject matter jurisdiction over plaintiff's remaining state law claims against Amerimortgage. [*See* Doc. No. 36, pp. 6-10]. For the reasons that follow, the court holds that Plaintiff's TILA claim must be dismissed for noncompliance with the statute of limitations, and further holds that the Court lacks subject matter jurisdiction over Plaintiff's remaining state law claims against Amerimortgage. The Court declines to reach Amerimortgage's arguments regarding improper service of process. Therefore, the Court **GRANTS** Amerimortgage's motion to dismiss [Doc. No. 36].

    I. <u>Plaintiff's Truth in Lending Act Claim is Time-Barred</u>.

As noted in the Court's previous order granting motions to dismiss by AIG and US Bank, the only cognizable federal claim in Plaintiff's complaint is for a violation of the Truth in Lending Act, 15 U.S.C. § 1501 *et seq*. [*See* August 1, 2008 Opinion & Order, Doc. No. 20, p.3].

An action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). In this case, Plaintiff alleges that she obtained her mortgage on January 6, 2006. [*See* Pl.'s Complaint, Doc. No. 1, ¶20]. As Adams did not file her complaint until December 27, 2007, almost two years later, her cause of action under TILA is time-barred.

II. The Court Dismisses the Remaining State Law Claims Against Amerimortgage.

Apart from her TILA claim, the remainder of Plaintiff's Complaint [Doc. No. 1] alleges causes of action under Michigan state law - for "fraud and deception," and for "retaliation." [*See* Doc. No. 1, pp.2-9]. Adams also alleges that she is a citizen of the state of Michigan, residing in Rochester Hills, Michigan. *Id*. at ¶2.

Despite Plaintiff's disclosure of Amerimortgage as an Indiana Corporation with its principal place of business at 910 Fry Road, Greenwood, Indiana [*See* Doc. No. 28], Amerimortgage is, in fact, a Michigan Corporation.[2] Pursuant to 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over state law proceedings only if the amount in controversy exceeds $75,000, and if the controversy is between citizens of different states. As this controversy is entirely between parties from the state of Michigan, this Court lacks subject matter jurisdiction over Plaintiff's state law claims against Amerimortgage pursuant to the Court's diversity of citizenship jurisdiction.

Pursuant to 28 U.S.C. § 1367, however, this Court may, in its discretion, exercise

---

[2] From Amerimortgage's brief [Doc. No. 36, p.7], it appears that 910 Fry Road, Greenwood, Indiana is the address of Mr. Dan Annee, who was a former manager at Amerimortgage. Further, the Court notes that Plaintiff's Complaint initially disclosed Amerimortgage as having an address in Grand Rapids, Michigan. [*See* Doc. No. 1, ¶5]. The Affidavit of James Beebe, General Counsel to VanDyk Mortgage Corporation, similarly discloses that the company is a Michigan corporation headquartered in Grand Rapids, Michigan. [*See* Beebe Affidavit, Def.'s Ex. 2, Doc. No. 36, ¶3].

supplemental jurisdiction over Plaintiff's state law claims concurrent with its federal question jurisdiction over Plaintiff's TILA claim. *See* 28 U.S.C. § 1367(a). However, as explained *supra*, this Court is dismissing Plaintiff's TILA claim as time-barred under TILA's one-year statute of limitations. As such, 28 U.S.C. § 1367(c) states as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
> \*\*\*\*\*
> (3) the district court has dismissed all claims over which it had original jurisdiction. . . .

28 U.S.C. § 1367(c)(3). Pursuant to subsection (3) of 28 U.S.C. § 1367(c), therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. As such, the Court **GRANTS** defendant Amerimortgage's motion to dismiss [Doc. No. 36].

## CONCLUSION

For the reasons explained above, the Court **GRANTS** defendant Amerimortgage's motion to dismiss [Doc. No. 36]. As Amerimortgage is the only defendant remaining in this cause of action, the Court shall issue an order dismissing this action in its entirety.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 15, 2009

I hereby certify that on December 15, 2009, the forgoing document was served upon counsel of record by electronic means and upon Grace Ellis Adams via First Class Mail at the address below:

Grace Ellis Adams
829 Langdon Court
Rochester Hills, MI 48307

                              S/J. Hernandez
                              Case Manager